2017 ND 234

In the MATTER OF a PETITION TO TERMINATE the SPECIAL PROVISION OF LEGAL SERVICES by Qualified Attorneys from outside North Dakota

No. 20160436

Supreme Court of North Dakota.

Filed 10/16/2017

Per Curiam.

[¶ 1] On December 14, 2016, a petition was filed seeking an order allowing non-North Dakota licensed lawyers to represent criminal defendants who were criminally charged as a result of protest activities connected to the Dakota Access Pipeline.

[¶ 2] On January 18, 2017, this Court issued an order granting the Petition to

Permit Temporary Provision of Legal Services by Qualified Attorneys From Outside North Dakota, subject to certain conditions. Included in those conditions is that found in paragraph 12 (9) that a lawyer admitted pro hac vice under the Order must verify in writing to the North Dakota State Board of Law Examiners no later than January 5, 2018, their licensure status and provide a listing of pending cases for which they are acting under the January 18, 2017 Order.

[¶ 3] On September 11, 2017, the Judges of the South Central Judicial District filed a petition requesting termination of our January 18, 2017 Order Permitting Temporary Provision of Legal Services.

[¶ 4] The Court established a comment period regarding the most recent Petition ending at 4 p.m., Monday, October 2, 2017. We received numerous comments supporting or opposing the petition. Many comments opposing the petition apparently continued to believe out-of-state lawyers are not allowed to practice in North Dakota. We addressed this misconception in our January 18, 2017 Order and again address it here.

[¶ 5] This Court regulates the admission, licensing and disciplining of lawyers under authority granted by N.D. Const. art. VI, § 3. This constitutional responsibility is carried out in our rule-making authority. The Court's current rules do not prevent out-of-state licensed lawyers from temporarily practicing law in North Dakota. Rather, lawyers licensed in another state are allowed to practice law in North Dakota by filing a motion with the district court in which a case is pending, attesting to their admission, licensing and discipline information, associating with a lawyer who is licensed in North Dakota and paying an annual fee. N.D. Admission to Practice R. 3(A). While the North Dakota lawyer's name must be included on all pleadings,

that lawyer's in-person appearance can be excused by the district judge presiding in the matter. This pro hac vice process under Rule 3(A) of the Admission to Practice Rules is available now and is regularly used by many clients and lawyers in both criminal and civil cases.

[¶ 6] North Dakota also allows for full admission by application of experienced lawyers. See N.D. Admission to Practice R. 7. We are among the first states allowing out-of-state lawyers to temporarily practice law in North Dakota while their application for full admission is pending. See N.D. Admission to Practice R. 6.1.

[¶ 7] Rule 3.1 of the Admission to Practice Rules also authorizes the practice of law in civil matters for lawyers volunteering with approved legal services organizations. Rule 3.2 of the Admission to Practice Rules authorizes the provision of legal services following a determination of a major disaster. These rules, as well as Rule 3 of the Admission to Practice Rules, were reviewed for guidance in light of the petition and the comments received, and have been reconsidered in light of the Petition to terminate our existing Order.

[¶ 8] Other comments received regarding the current petition addressed the merits and advocated for or against the Petition to Terminate our prior Order. Setting aside the unhelpful comments promoting political views or attempting to interject arguments about a protest event, the comments we found most persuasive focused on the right to counsel, the due process of law and the practical difficulties being experienced as a result of the Dakota Access Pipeline-related protest arrests and court proceedings.

[¶ 9] The noteworthy comments favoring the Petition tended to focus on the number of resolved cases since our original Order, the perceived adequate availability of

North Dakota Indigent Defense Counsel and local counsel to handle the cases, and the fact that some of the North Dakota licensed lawyers with whom the pro hac vice lawyers associated are located outside North Dakota.

[¶ 10] The noteworthy comments opposing the Petition tended to recite the substantial number of pending cases, the substantial number of dismissed cases where re-filing of charges is possible, the perceived inadequate availability of North Dakota licensed lawyers and Indigent Defense Counsel to handle the cases, and the absence of reported significant problems occurring as the result of us granting the first Petition.

[¶ 11] Based on the foregoing, and in consideration of the record in this matter, we conclude termination of our prior Order would be premature. We deny the Petition to Terminate the Special Provision of Legal Services by Qualified Attorneys From Outside North Dakota.

[¶ 12] Gerald W. VandeWalle, C.J.

Daniel J. Crothers

Jerod E. Tufte

Lisa Fair McEvers

Jon J. Jensen